UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SCOTT LEE MEOLA,**

    Plaintiff,

v.                                              Case No: 5:11-CV-421-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendant.
_____/

**ORDER**

Pending before the Court is Plaintiff's Petition For an Award Of Attorney's Fees, Costs & Expenses Under The Equal Access To Justice Act 28 U.S.C. §2412. (Doc. 20.) Plaintiff's counsel, J.W. Chalkley, III filed an affidavit in support of the petition. (Doc. 20 at 4-7). Defendant has filed a response in opposition (Doc. 22), and thus, this matter is ripe for review.

Plaintiff requests an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $6,923.52 and expenses in the amount of $371.28. Plaintiff asserts that he is the prevailing party in this litigation, and that the Commissioner's position in the underlying action was not substantially justified. Plaintiff also states that his net worth at the time the proceeding was filed was less than two million dollars.[1] On April 25, 2012, the Court entered an Order reversing and

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 18).  On April 26, 2012, the Clerk entered judgment. (Doc. 19).  On July 24, 2012, Plaintiff filed this petition for attorney's fees.

While the Commissioner does not dispute that Plaintiff is entitled to an award of fees, the Commissioner opposes the requested number of hours and Plaintiff's request that the fees be paid directly to Plaintiff's counsel.

First, the Commissioner contends that the court should reduce the time spent briefing and arguing the case from 30.5 hours to a "reasonable amount of time."[2]  The Court has reviewed the subject time entries and agrees that the requested attorney time is excessive and unreasonable for an attorney with Mr. Chalkley's experience.  This is especially true, where as here, counsel did not raise novel issues of law nor was he faced with a complex set of facts.  Accordingly, this time will be reduced by 25% from 30.5 hours to 22.87 hours.[3]  *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)(when a district court finds the number of hours claimed is unreasonably high, the court may either conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut).

---

[2] The 30.5 hours include: (1) 10/18/11 review transcript; outline issues, 5.25 hours; (2) 11/12/11 begin draft of opening brief; research, 5.00 hours; (3) 12/15/11 complete opening brief & file, 4.25 hours; (4) 4/21/12 review of cases, orders and transcript, and preparation of oral argument hearing, 8.00 hours; (5) 4/22/12 review of cases, orders and transcript, and preparation of oral argument hearing, 4.00 hours; and (6) preparation for and attendance at oral argument hearing, 4.00 hours.

[3] The 22.87 hours equal: 10.87 hours at the 2011 rate of $180.57, and 12 hours at the 2012 rate of $182.76.

Next, the Commissioner argues that the Court should disallow 1.25 hours spent performing non-legal tasks.[4] The Court has reviewed the subject time entries and agrees that they are for clerical tasks that are not compensable as attorney's fees. *Mobley v. Apfel*, 104 F.Supp.2d 1357, 1360 (M.D. Fla. 2000). The Court, however, declines to cut 0.5 hours for work performed prior to filing the complaint – i.e., "OC with client re:USDC appeal" – because the work was linked to the preparation of this federal action, and thus, compensable under the EAJA. *See Pollgreen v. Morris*, 911 F.2d 527, 536 (11th Cir. 1990).

Accordingly, the Court finds that the number of attorney hours should be reduced from 38.15 hours to 29.27 hours, with Plaintiff recovering attorney's fees in the amount of $5,319.34.[5]

Defendant also objects to Plaintiff's request that the fees awarded under the EAJA be payable directly to counsel. The Commissioner argues that the fee assignment executed by Plaintiff that purports to assign future EAJA fees to his counsel is not an effective assignment of a claim under the Anti-Assignment Act, 31 U.S.C. §3727. As the Commissioner notes, the Anti-Assignment Act specifies the timing of assignments: "[a]n assignment may be made only after a claim is allowed, the amount

---

[4] The 1.25 hours include: (1) 7/22/11 order requiring electronic filing of administrative record, .10 hours; (2) 7/29/11 case reassignment to Magistrate Judge Thomas B. Smith, .10 hours; (3) 8/4/11 notice of designation under Local Rule 3.05, .20 hours; (4) 10/17/11 scheduling order, .30 hours; (5) 10/17/11 order approving consent to trial by U.S. Magistrate Judge, .10 hours; (6) 2/13/12 endorsed order, .10 hours; (7) 3/22/12 order granting telephonic hearing, .10 hours; and (8) 4/25/12 receipt/review order reversing & remanding COSS decision & judgment in a civil case, .25 hours.

[5] The total amount of $5,319.34 is calculated as follows: 13.72 hours at the 2011 rate of $180.57, and 15.55 hours at the 2012 rate of $182.76.

of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. §3727(b). An assignment that does not meet these conditions is not valid, and is voidable at the government's discretion. *Delmarva Power & Light Co. v. U.S.*, 542 F.3d 889, 893-94 (Fed. Cir. 2008); *Cadwalder v. U.S.,* 45 F.3d 297, 299 (9th Cir. 1995.) The Commissioner argues that the instant assignment is not valid because it predates any award of EAJA fees and does not comply with other formalities. The Commissioner contends that if the Court awards EAJA fees, a determination will be made as to whether Plaintiff owes a debt to the government, at which point, the Commissioner then will determine whether to waive the Anti-Assignment Act provisions and honor the assignment.

Based on the foregoing, and upon due consideration, and pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's Petition For Attorney Fees (Doc. 17) is **GRANTED** to the extent that Plaintiff is awarded attorney's fees in the amount of **$5,319.34**, expenses in the amount of **$21.28,** and **costs** in the amount of **$350.00**. Assuming Plaintiff does not owe any monies subject to offset by the government, and the Commissioner waives the Anti-Assignment Act provisions, the government should pay the EAJA fees directly to Plaintiff's counsel.

**DONE** and **ORDERED** in Ocala, Florida on September 17, 2012.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties